ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 510-3611
  Fax: (415) 703-5843
  E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants*
*Parsons and Goldstein*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OMAR S. GAY,** | 3:16-cv-05998-JCS |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO REQUEST ADJUDICATION OF FULLY BRIEFED DAUBERT MOTION ON FILE AND CONTINUE THE TRIAL DATE** |
| v. | |
| **AMY PARSONS, et al. ,** | Trial Date: July 7, 2026 |
| Defendant. | |

Pursuant to Local Civil Rules 6-2, 7-11, and 7-12, Plaintiff Omar S. Gay ("Plaintiff") and Defendants Parsons and Goldstein ("Defendants") (collectively, "the Parties"), through their undersigned counsel, state as follows:

During a December 17, 2025 case management conference, this Court scheduled the trial in this matter to begin on July 7, 2026. (ECF No. 174.) The parties agreed to the trial date during the conference.

Before the December 17, 2025 conference, Defendants' counsel had contacted Defendants Parsons and Goldstein, as well as Defendants' expert Dr. Craig Lareau, to determine whether they had any dates when they would be unavailable for trial. Neither the Defendants nor Dr. Lareau stated that they would be unavailable in July 2026.

On December 18, 2025, Dr. Lareau contacted Defendants' counsel and stated that he had erred, and would be out of the country during the week of July 6, 2026 on a pre-planned vacation. Defendants apologize for this error.

Defendants initially raised this issue with Plaintiff's counsel on December 22, 2025. Both sides agreed to discuss the matter in more detail after the holidays. On January 15, 2026, the Parties conferred regarding the trial date issue and Dr. Lareau. During that meeting, Plaintiff's counsel indicated that they might be available for a trial in August 2026 or mid-September 2026. Defendants are available for trial during the weeks of September 7, November 30, 2026, and December 7, 2026.

However, Plaintiff's counsel proposed that instead of moving the trial date at this time, Plaintiff could file a *Daubert* motion aimed at completely excluding Dr. Lareau from trial, and Defendants could oppose such a motion before the deadline set forth in the Case Management and Pretrial Order (ECF No. 174), and have the Court issue an early ruling regarding whether Dr. Lareau would be permitted to testify at trial. Plaintiff's counsel noted that such an approach could obviate the need to change the July 7 trial date.[1]

---

[1] Plaintiff previously filed and fully briefed a *Daubert* motion (ECF Nos. 133, 135, and 137) aimed at completely excluding Dr. Lareau that was not decided by this Court.

1

Defendants will oppose such a *Daubert* motion, and do not believe that a motion wholly excluding Dr. Lareau will be granted. But they are willing to agree to Plaintiff's proposal if such a motion can be decided early enough to allow the Parties to plan in advance for the ramifications of a *Daubert* motion decision before a trial.

Therefore, the Parties stipulate and request that the Court permit the parties to brief Plaintiff's anticipated *Daubert* motion before the deadline for motions in limine set forth in the case management order. Specifically, Plaintiff will file a *Daubert* motion regarding Dr. Lareau by February 27, 2026. Defendants will file an opposition to the motion by March 6, 2026. Plaintiff will reply by March 13, 2026.  The Parties are hopeful that the matter will be ruled upon by this Court by the end of March.

The Parties further stipulate that if based on the outcome of Plaintiff's *Daubert* motion Dr. Lareau will not testify, the trial will proceed as scheduled. If Dr. Lareau is not excluded, Defendants still plan to have him testify, and his travel plans remain in conflict with the trial dates, Defendants will file a motion to reschedule the trial, or alternatively, file a motion to have Dr. Lareau testify remotely.  Plaintiff reserves the right to oppose those motions.

Dated: February 19, 2026                              Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

*/s/ Michael Quinn*
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants Parsons and Goldstein*

Dated: February 19, 2026          **BENESCH FRIEDLANDER COPLAN ARONOFF LLP**

By:  */s/ Kevin B. Frankel*
Kevin B. Frankel

*Attorneys for Plaintiff*
*Omar S. Gay*

SF2017203975
44962850.docx

2

Stipulation and [Proposed] Order (3:16-cv-05998-JCS)

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1.(i)(3), I hereby attest that the content of this document is acceptable to Kevin B. Frankel, counsel for Plaintiff, and that I have obtained his authorization to affix his electronic signature to this document.

Dated: February 19, 2026

By: */s/ Michael J. Quinn*
Michael J. Quinn
*Attorneys for Defendants*
*Parsons and Goldstein*

3

### **[PROPOSED] ORDER**

Pursuant to the Stipulation and [Proposed] Order, and for good cause appearing therefore, Plaintiff will file a Daubert motion regarding Dr. Lareau by February 27, 2026. Defendants will file an opposition to the motion by March 6, 2026.  Plaintiff will reply by March 13, 2026.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:        February 20, 2026      _____

The Honorable Joseph C. Spero
United States District Court Judge



4