ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3611
  Fax:  (415) 703-5843
  E-mail:  Michael.Quinn@doj.ca.gov
*Attorneys for Defendants Parsons and Goldstein*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OMAR S. GAY,**<br><br>Plaintiff,<br><br>v.<br><br>**AMY PARSONS, et al. ,**<br><br>Defendant. | 3:16-cv-05998-JCS<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE DEFENDANTS' EXPERT DR. CRAIG LAREAU**<br><br>Date:       June 10, 2026<br>Time:      9:30 a.m.<br>Ctrm:     D—15th Floor<br>Judge:    The Honorable Joseph C. Spero<br><br>Action Filed: October 17, 2016 |

**INTRODUCTION**

Dr. Craig Lareau's expert report sets forth two opinions: (1) that he found no evidence of overt racial discrimination or religious discrimination in his review of the Comprehensive Risk Assessment ("CRA") at issue; and (2) that after reviewing the information that was available to Defendant Dr. Goldstein at the time of the 2015 CRA, Goldstein's overall conclusion—that there was a high risk that Plaintiff would engage in future violence if he was paroled—was reasonable and supported by Plaintiff Gay's prison record.

A CRA is a report prepared by a psychologist to assess how likely it is that an inmate, if paroled, would engage in future violence. It is submitted to the Board of Parole Hearings (BPH) panel that decides an inmate's suitability for parole. Plaintiff here claims that, but for the 2015 CRA that Dr. Goldstein prepared, he would have been paroled at that time.

Dr. Lareau's opinions should not be excluded. Whether he is familiar with Defendants or employed by the BPH goes only to the weight, and not the admissibility, of his opinions. Given that Dr. Lareau has prepared and reviewed hundreds of CRAs as both a BPH forensic psychiatrist and a supervisor of other forensic psychiatrists within BPH, the Court should reject Plaintiff's challenges to Dr. Lareau's methodology and expertise.

Last, Dr. Lareau did not state "that Mr. Gay's recitation of what was said in the room was a lie," as Plaintiff baldly asserts. That argument is a red herring, and the Court should reject it.

**ARGUMENT**

**I.    THE SUBJECT ANALYZED BY DR. LAREAU IS NOT WITHIN THE COMMON KNOWLEDGE OF THE FACT FINDER.**

Dr. Lareau's first opinion regarding discriminatory content in the CRA is not within the common knowledge of the average laymen. (ECF No. 185, 9:9-10:14.) In arriving at his conclusions, Dr. Lareau reviewed Defendants' report, as well as information and records related to Plaintiff. (ECF No. 133-1, Ex. A, 9.) Dr. Lareau has written and reviewed hundreds of CRAs. Given Dr. Lareau's expertise with regard to preparing risk assessments for inmates eligible for parole, there is no basis for Plaintiff's contention that any layman could employ Dr. Lareau's methodology and arrive at the same results.

1

Plaintiff also argues that Dr. Lareau's first opinion should be excluded because "[e]xperts are generally not allowed to testify as to whether particular conduct is discriminatory." (ECF No. 185, 9:19-23, quoting *C.N. v. Wolf*, No. SACV 05-868 JVS(MLG), 2006 WL 5105270, at *1 (C.D. Cal. Nov. 13, 2006). Here, however, Dr. Lareau is opining about the content of the report prepared by Defendants, not the conduct of Plaintiff or Defendants. In fact, Dr. Lareau stated that because he was not at the 2015 interview of Plaintiff by Defendant Goldstein, he could not opine about the parties' conduct during the interview, such as the questions asked and the answers given. (ECF No. 135-1, Ex. A, 61:5-12.) Accordingly, given that Dr. Lareau's opinions address issues that are beyond the common knowledge of the average layman, and do not address the conduct of the parties, they should not be stricken.

And this argument is even weaker as to Dr. Lareau's second opinion, that Dr. Goldstein's 2015 CRA reasonably concluded that there was a high risk that Plaintiff would engage in violence if he was paroled. (ECF No. 133-1, Ex. A, 9.) Contrary to Plaintiff's contentions, a CRA, which is a specialized psychological report used to assess a potential parolee's risk of violence should he be released from prison, is not a subject suitable for lay opinion. Because Dr. Lareau is qualified to evaluate such a report, his second opinion should not be excluded.

## II. DR. LAREAU'S METHODOLOGY IS SOUND AND HE DOES NOT PURPORT TO BE AN EXPERT IN DISCRIMINATION.

Dr. Lareau, who has worked as a BPH forensic psychologist and has supervised other forensic psychologists within BPH, is qualified to recognize discrimination in a CRA. During his deposition, he testified that he had prepared at least 240 CRA evaluations between January 2016 and January 2019, the three years that he served as a forensic psychologist within the BPH. (ECF No. 135-1, Ex. A, 39:7-11; 40:23-41:15.) As a senior psychologist supervisor, Dr. Lareau supervises eight psychologists and reviews roughly 60 CRAs per month. (*Id*. at 39:12-40:5.) Dr. Lareau also took courses on discrimination during his time in law school, and attends an anti-discrimination continuing education course through CDCR each year. (*Id*. at 27:9-16; 28:9-23.) Given Dr. Lareau's extensive experience preparing and reviewing CRAs, and the various classes

2

and trainings he has taken to recognize and avoid discrimination, he is qualified to identify discriminatory content in a CRA.

Plaintiff incorrectly contends that Dr. Lareau failed to employ any "sound methodology" in concluding that there was no evidence of direct discrimination in the CRA.  While a court may exclude evidence if it concludes that there is too great an analytical gap between the data and the opinion proffered by the expert (*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)), Dr. Lareau's analysis is not flawed in such a manner.  Here, Dr. Lareau concluded there was no discriminatory content in the CRA prepared by Defendant Goldstein after reviewing the CRA and conducting his own independent evaluation of records and information related to Plaintiff.  (ECF No. 135-1, Ex. A, 62:4-16.)  In short, given that Dr. Lareau's analysis went far beyond Plaintiff's claimed "you know it when you see it methodology" (ECF No. 185, 10:10-11), his testimony regarding the lack of discriminatory content in Plaintiff's 2015 CRA should be admitted.

### III.    DR. LAREAU DID NOT OPINE ON PLAINTIFF'S MOTIVE AND CREDIBILITY.

Defendants agree that an expert opinion on a witness or party's credibility is inadmissible under Rule 702.  *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005).  But that did not happen here, so the rule is irrelevant.

Contrary to Plaintif's assertion, Dr. Lareau did not opine "that Mr. Gay's recitation of what was said in the room was a lie."  (ECF No. 185 at 14:13-14, citing to Dr. Lareau's report at page 4.)  Dr. Lareau acknowledged there were two versions of what happened during the interview. He simply noted surrounding circumstances, of which a layperson may not be aware, that could aid the jury in determining which of the two versions was more plausible.  Dr. Lareau merely expressed that Dr. Goldstein would have been risking his career if he had personally attacked Plaintiff for his race or religious beliefs during a CRA interview, particularly while his supervisor was present, which might lead one to conclude Plaintiff's version of events was implausible.  (*See* ECF 133-1, Ex. A at 11, pg. 4 of Lareau report, second full paragraph.)

Dr. Lareau did not issue a conclusion that Plaintiff lied or opine on Plaintiff's credibility. He simply noted a circumstance that undermined Plaintiff's version of events, while admitting he was not present to judge credibility for himself.

3

**CONCLUSION**

The Court should reject Plaintiffs' motion to exclude Dr. Lareau.  Dr. Lareau's opinions are based on specialized knowledge and detailed information in the case record, and are not within the ken of lay jurors.  And he did not opine as an expert in discrimination—only as an expert in preparing CRAs with training on how to identify and avoid discrimination in doing so.  And Dr. Lareau did not purport to opine on Plaintiff's or Defendants' credibility.  For these reasons, all of Plaintiff's arguments to exclude Dr. Lareau's opinions are meritless, and the Court should deny Plaintiff's motion to exclude Defendants' expert Dr. Craig Lareau.

Dated: April 29, 2026                                Respectfully submitted,

                                                     ROB BONTA
                                                     Attorney General of California
                                                     JAY M. GOLDMAN
                                                     Supervising Deputy Attorney General


                                                     */s/ Michael Quinn*
                                                     MICHAEL J. QUINN
                                                     Deputy Attorney General
                                                     *Attorneys for Defendants*
                                                     *Parsons and Goldstein*

SF2017203975
45053891.docx

4

Defendants' Opposition to Motion to Exclude Defendants' Expert Dr. Craig Lareau (3:16-cv-05998-CRB)

# CERTIFICATE OF SERVICE

Case Name:   *Gay v. Shaffer*                    No.   **3:16-cv-05998-JCS**

I hereby certify that on April 29, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE DEFENDANTS' EXPERT DR. CRAIG LAREAU**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 29, 2026, at San Francisco, California.

|  |  |
|---|---|
| H. Su | */s/ H. Su* |
| Declarant | Signature |

SF2017203975
45054409.docx