Kevin B. Frankel (CA 277840)
Shaneeda Jaffer (CA 253449)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:   628.221.5828
kfrankel@beneschlaw.com

*Attorneys for Plaintiff Omar Sharrieff Gay*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY,<br><br>Plaintiff,<br><br>vs.<br><br>AMY PARSONS, et al.,<br><br>Defendants. | CASE NO. 3:16-cv-05998-JCS<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT DR. CRAIG LAREAU**<br><br>Hearing:     June 10, 2026<br>Time:        9:30 a.m.<br>Crtm.:       D – 15th Floor<br>Judge:       Hon. Joseph C. Spero<br><br>Complaint Filed: October 17, 2016 |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     LEGAL ARGUMENT ....................................................................................................... 2

        A.      Dr. Lareau's Purported Expert Testimony Improperly Usurps the Jury's
                Role .......................................................................................................................... 2

        B.      Defendants Admit Dr. Lareau is Not an Expert on Discrimination ......................... 4

        C.      Dr. Lareau Used No Methodology Other Than His So-Called Expertise ................. 6

        D.      Dr. Lareau Improperly Attacks the Credibility of Mr. Gay ..................................... 7

III.    CONCLUSION .................................................................................................................. 8

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANTS' EXPERT DR. CRAIG LAREAU

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.G. v. Paradise Valley Unified Sch. Dist. No. 69*,
  815 F.3d 1195 (9th Cir. 2016)........................................................................................... 2

*Arjangrad v. JPMorgan Chase Bank, N.A.*,
  No. 3:10-CV-01157-PK, 2012 WL 1890372 (D. Or. May 23, 2012) ........................... 3, 5, 7, 8

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
  613 F. Supp. 3d 1308 (S.D. Cal. 2020) ..................................................................... 4

*Elliott v. Versa CIC, L.P.*,
  349 F. Supp. 3d 1004 (S.D. Cal. 2018) ..................................................................... 2

*Est. of Castillas v. City of Fresno*,
  No. 1:16-CV-1042 AWI-SAB, 2019 WL 586747, at *7 (E.D. Cal. Feb. 13,
  2019)............................................................................................................................... 7

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ........................................................................................................ 6

*Moussouris v. Microsoft Corp.*,
  311 F. Supp. 3d 1223 (W.D. Wash. 2018) ................................................................. 6

*Niblock v. Univ. of Kentucky*,
  165 F.4th 460 (6th Cir. 2026).......................................................................................... 5

*Nimely v. City of New York*,
  414 F.3d 381 (2d Cir. 2005) ........................................................................................... 7

*In re Novatel Wireless Secs. Litig.*,
  No. 08CV1689 AJB RBB, 2011 WL 5827198 (S.D. Cal. Nov. 17, 2011) ............................... 3

*Philipps-Kerley v. City of Fresno*,
  No. 1:18-cv-00438 JLT BAM, 2025 WL 1825305 (E.D. Cal. July 2, 2025)............................ 3

*Strandquist v. Wash. State Dep't of Soc. & Health Servs.*,
  No. 3:23-CV-05071-TMC, 2024 WL 4625337 (W.D. Wash. Oct. 30, 2024) ......................... 5

*Tuli v. Brigham & Women's Hosp., Inc.*,
  592 F. Supp. 2d 208 (D. Mass. 2009) ....................................................................... 3

*U.S. v. Finley*,
  301 F.3d 1000 (9th Cir. 2002)......................................................................................... 4

ii

*United States v. Hermanek*,
  289 F.3d 1076 (9th Cir. 2002)......................................................................................... 4

*United States v. One Parcel of Prop. Located at 31–33 York St., Hartford, Conn.*,
  930 F.2d 139 (2d Cir. 1991) ........................................................................................... 2

*United States v. Rahm*,
  993 F.2d 1405 (9th Cir. 1993) ......................................................................................... 2

*Wolf v. Antonio Sofo & Sons Importing Co.*,
  890 F. Supp. 2d 823 (N.D. Ohio 2012) ........................................................................... 5

**Other Authorities**

MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/plausible
  (last visited May 11, 2026)............................................................................................... 7

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANTS' EXPERT DR. CRAIG LAREAU

## I.       **<u>INTRODUCTION</u>**

Plaintiff Omar Gay moved to exclude the testimony of Dr. Lareau. His barebones report is not an expert analysis; it is an unsupported legal opinion that usurps the roles of both the judge and jury by flatly instructing no discrimination occurred. Defendants' opposition actually confirms the flaws that mandate exclusion under *Daubert*: Dr. Lareau's testimony will not assist the trier of fact because it consists entirely of improper legal conclusions and layperson document interpretation. Dr. Lareau is neither an expert on discrimination nor did he use proper methodology to reach his opinions. He did little more than review the CRA, case documents, and Defendants' notes, and then interpret those documents (much as a jury would). Finally, portions of his testimony improperly offer opinions about Plaintiff's credibility and character.

Defendants, in opposition, focus on the fact that Dr. Lareau has experience in reviewing CRAs. They posit that his testimony must be useful because he has that expertise and even suggest a layperson could not interpret a CRA. Per Defendants, without explanation, Dr. Lareau's purported expertise in preparing CRAs translates to expertise in determining whether a CRA reflects explicit or implicit discrimination. He needs no methodology because he possesses such expertise. And finally, Dr. Lareau's opinion impermissibly attacks Mr. Gay's credibility: he claims that Defendants' version of events is more "plausible" than Mr. Gay's because having a supervisor in the room would prevent discrimination. But this is not a subject for expert opinion—any layperson could draw that inference. Defendants cite not a single analogous case or case that supports these propositions.[1] And none exists.

Case law requires a higher standard—one that cannot be met by Dr. Lareau in this matter—and thus, his opinions and testimony should be excluded.

///

---

[1] Defendants assert that the fact that Dr. Lareau is "familiar with Defendants" and "employed by the BPH" goes only to the weight, not admissibility of opinions. Opp. at 1. Plaintiff is not moving to exclude Dr. Lareau based on his associations with the defendants. Should the Court deny this motion, however, Plaintiff reserves the right to raise facts surrounding those associations to attack his credibility.

## II.   LEGAL ARGUMENT

### A.   Dr. Lareau's Purported Expert Testimony Improperly Usurps the Jury's Role

Dr. Lareau seeks to usurp the province of the jury by both interpreting the CRA and reaching final conclusions of law. Br. at 4-5.

A jury is well-equipped to identify direct and indirect discrimination (Dr. Lareau's first opinion) and determine whether the conclusions of the CRA are reasonable (his second opinion). Br. at 5; *see United States v. One Parcel of Prop. Located at 31–33 York St., Hartford, Conn.*, 930 F.2d 139, 141 (2d Cir. 1991) (excluding expert testimony that would only complicate, not assist, the jury's decision on "a simple question for which the jury needed no help"—whether appellant had repressed certain facts). Dr. Lareau, in his first opinion—that there was no discrimination— also improperly reaches an ultimate conclusion of law.[2] *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1207 (9th Cir. 2016) ("[A]n expert witness cannot give an opinion as to her legal conclusion."); *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1004, 1006-07 (S.D. Cal. 2018) (granting motion to exclude expert testimony of "expert on real estate and property management 'standards of care'" who defendants sought to proffer to opine on "the ultimate question of whether plaintiffs suffered discrimination"). In this Circuit, courts should guard "matters within the understanding of the average juror" from the elucidation of experts. *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993). This case poses no exception, and Defendants have not identified any.

As to the first opinion, Defendants contend that since Dr. Lareau has experience preparing CRAs, Mr. Gay has no basis to say that any layperson could employ Dr. Lareau's methodology and reach the same results. Opp. at 1 (citing nothing). Said differently, Defendants argue that Dr. Lareau's opinion is outside common knowledge of the jury because he is an expert and offered an

---

[2] Dr. Lareau's opinion "that he found no evidence of overt racial discrimination or religious discrimination *in his review of the Comprehensive Risk Assessment*" (Opp. at 1, emphasis added) also misses the point of the trial. The issue is whether Defendants' discriminatory actions *during* the interview led Mr. Gay to conclude he would not get a fair parole hearing. Not whether Defendants were so foolish as to memorialize their discriminatory questions in the CRA.

2

opinion on the CRA using methodology of no more than reviewing the documents. *See infra* at 6. That kind of circular logic does not withstand scrutiny. A purported expert opining on a subject does not remove that subject from the realm of comprehension by a layperson. *See Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 3:10-CV-01157-PK, 2012 WL 1890372, at *7 (D. Or. May 23, 2012) ("To the extent that [the expert] bases his testimony about HR practice standards and [defendant's] investigation on nothing more than his common sense, as described above, a jury can accomplish the same analysis without an expert."); *Tuli v. Brigham & Women's Hosp., Inc.*, 592 F. Supp. 2d 208, 211 (D. Mass. 2009) (excluding expert testimony when it amounts to nothing more than "well-credentialed physicians saying: Take my word for it; in my judgment, based on solely the cold record and not the testimony of witnesses, this is not discrimination"). Common sense equips the jury with all necessary tools to ascertain the presence of discrimination.

Defendants also assert that Dr. Lareau's first opinion properly determines that the CRA was not discriminatory because the opinion is "about the content of the report prepared by Defendant, not the conduct of Plaintiff or Defendants." Opp. at 2. Defendants do not explain, however, how the focus on the content of the CRA allows him to reach a conclusion of law. *Id.* (citing no case law supporting this position). Indicating that the CRA reflects no discrimination still reaches an improper conclusion of law, which instead of aiding jurors, attempts to supplant them. This is most clearly evidenced by his use of the term of art "discrimination." *See Philipps-Kerley v. City of Fresno*, No. 1:18-cv-00438 JLT BAM, 2025 WL 1825305, at *15 (E.D. Cal. July 2, 2025) ("Discrimination . . . has specialized meaning in the law and in lay use the term has a distinctly less precise meaning." (citation omitted)). And his opinion should thus be excluded. *Id.* (excluding expert testimony that discrimination occurred).

As to the second opinion, the statements in the CRA, including that Plaintiff was "high risk," is a "subject suitable for lay opinion." *Contra* Opp. at 2 (suggesting only an individual like Dr. Lareau is qualified to "evaluate such a report"). Defendants assert that a jury cannot evaluate and read a CRA for itself. *Id.* Basically, they contend it follows that Dr. Lareau should decide the case. Not so. The CRA should speak for itself. *See In re Novatel Wireless Secs. Litig.*, No. 08CV1689 AJB RBB, 2011 WL 5827198, at *4 (S.D. Cal. Nov. 17, 2011) (Since (1) interpretation

3

of the documents requires "no specialized or technical knowhow" and (2) the documents are "not complicated and speak for themselves" and address "lay matters which a jury is capable of understanding and deciding," "[e]xpert testimony is inadmissible.'"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1322 (S.D. Cal. 2020) (finding the expert "impermissibly interprets the contractual provisions at issue in this case, [and] forms conclusions as to their effects on competition and states of mind of industry participants" which "intrudes on the province of the jury, who is capable of evaluating the same evidence and drawing conclusions without [the expert's] proffered testimony" and the expert's experience in the industry did not render her specially situated to interpret it). Dr. Lareau did not review documents that the jury cannot, so a fact witness—including Defendant Goldstein—can just as easily testify as to what he meant when drafting the CRA and justify why his conclusions were reasonable. *See Aya Healthcare Servs., Inc.*, 613 F. Supp. 3d at 1322 ("[W]here expert's report was based on a review of, [documents, deposition transcripts, and exhibits,]" the "testimony by fact witnesses familiar with those documents would be far more appropriate . . . and renders [the expert's] secondhand knowledge unnecessary for the edification of the jury.").

Defendants failed to explain why either opinion is a proper subject of expert testimony that will aid the jury. Dr. Lareau attempts to usurp the role of the jury by claiming that only he can interpret the CRA—whether to find it lacks discrimination or is reasonable—must not be permitted.

**B.    Defendants Admit Dr. Lareau is Not an Expert on Discrimination**

Defendants comingle their arguments that: (1) Dr. Lareau is an expert and (2) his methodology was sound. But a court must evaluate those two issues as distinct factors. *United States v. Hermanek*, 289 F.3d 1076, 1093–94 (9th Cir. 2002) (requiring more than "bare qualifications alone" and finding error that the district court did not also mandate the government "explain the method [the expert] used to arrive at his interpretation"); *see also U.S. v. Finley*, 301 F.3d 1000 (9th Cir. 2002) ((1) "the witness must have sufficient expertise; *and* [(2)] the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." (emphasis added)). Properly evaluating the factors separately reveals that Defendants have failed to establish

4

Dr. Lareau's qualifications to identify discrimination and any methodology, beyond purported expertise, employed in evaluating whether such discrimination exists.

Defendants concede that Dr. Lareau is not an expert in discrimination. Opp. at 2; Br. at 5-6; *see Niblock v. Univ. of Kentucky*, 165 F.4th 460, 469 (6th Cir. 2026) (excluding expert witness testimony because the witness admitted she lacked expertise on proffered topic). Instead, Defendants assert he is "qualified to recognize discrimination in a CRA." Opp. at 2. Defendants then reiterate his qualifications to read a CRA, Opp. at 2, and suggest that courses he took in law school on discrimination almost 30 years ago and continuing education courses qualify him to "identify discriminatory content in a CRA." *Id.* at 3. Even assuming *arguendo* the Court agrees that Dr. Lareau is an expert in preparing CRAs and reviewing CRAs, nothing supports that his expertise would correspond to expertise in identifying discrimination in CRAs or that he could offer any testimony shedding light on whether Defendants illegally discriminated during the interview. And Defendants do not indicate that his decades-past law school classes, or even his yearly continuing education courses, specifically trained him on how to identify discrimination in a CRA. For this reason alone, his first opinion should be excluded. Br. at 5-6.

Even if Dr. Lareau were an expert in discrimination, Defendants do not rebut Plaintiff's argument that no party has explained how expertise reviewing CRAs informs Dr. Lareau's ability to identify discrimination in the CRA at issue. Br. at 6; *see Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4625337, at *6 (W.D. Wash. Oct. 30, 2024) (expert's testimony "does not show a methodological nexus between her experience and conclusions"); *Arjangrad.*, 2012 WL 1890372, at *5 (expert "never explains how his experience performing discrimination investigations or his expertise advising employers and HR professionals led him to understand and define generally accepted standards of HR investigation practices" and expert "must do more than cite standards based vaguely on his 'experience' and 'common sense'"); *see Wolf v. Antonio Sofo & Sons Importing Co.*, 890 F. Supp. 2d 823, 826 (N.D. Ohio 2012) (the expert's "primary experience with sex discrimination does not even rise to the level of a psychologist who has studied patterns or indicia of discrimination." It is "in ensuring that companies avoid discriminatory behavior altogether, not in identifying the behavior after it has

5

occurred," so the expert "has not demonstrated any particular knowledge relevant to proving the existence of discrimination."). Neither Defendants nor Dr. Lareau have connected his purported expertise to his broad first opinion. Accordingly, his first opinion is inadmissible.

### C.     Dr. Lareau Used No Methodology Other Than His So-Called Expertise

Dr. Lareau's testimony should be excluded for his, and Defendants', failure to explain any recognized principles, testing criteria, or other objective standard applied in this matter. Br. at 7. Defendants have laid out no objective methodology for the first opinion, and failed to support the second opinion at all. Opp. at 3.

Dr. Lareau, and Defendants, ask the Court to trust his opinions despite resting on no methodology beyond what the Court and jury will do with the same materials: review and evaluate them. Br. at 7. Defendants argue that Dr. Lareau's methodology was "reviewing the CRA" and "conducting his own independent evaluation of records and information related to Plaintiff." Opp. at 3; *see also* Report at 2 (listing 23 sources evaluated by Dr. Lareau including both the CRA and five records related to this action).[3] But the mere fact that an expert has expertise and reviewed relevant evidence does not satisfy the requirement that an expert provide a methodology. *See Moussouris v. Microsoft Corp.*, 311 F. Supp. 3d 1223, 1246–47 (W.D. Wash. 2018) ("[A]n expert cannot 'rel[y] on the mere fact of his experiences with respect to human resources matters to support [his] conclusion'" proper policies were followed to avoid discrimination.). That Dr. Lareau "review[ed]" and "evaluat[ed]" relevant materials does not transmogrify that review into a methodology; his review remains wholly subjective. *See* Br. at 7.

As to the second opinion, Defendants do not address Plaintiff's arguments that Dr. Lareau did not follow the process outlined in the California Board of Parole Hearings Handbook and that he did not interview Mr. Gay. Br. at 8. In fact, Defendants confine their rebuttal to solely the "lack of discriminatory content" in the CRA—the first opinion—and make no arguments as to the

---

[3] The one case cited by Defendants, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), supports Plaintiff's motion. In *General Electric*, the Supreme Court held that a district court need not admit opinion evidence "connected to existing data only by the *ipse dixit* of the expert," such that studies were insufficient to support the expert's conclusions.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANTS' EXPERT DR. CRAIG LAREAU

second opinion; in essence, they concede the lack of methodology for that opinion.

Dr. Lareau's testimony cannot survive due to its utter lack of methodology.

### D.   Dr. Lareau Improperly Attacks the Credibility of Mr. Gay

The parties agree that an expert opinion on a witness's or party's credibility is inadmissible. Br. at 8-9; Opp. at 3 (citing *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005)); *see also Nimely*, 414 F.3d at 398 ("[E]xpert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible.").[4] Defendants immediately pivot, however, and claim Dr. Lareau does not take a position on credibility. Opp. at 3. But the evidence—and Defendants' own opposition brief—belie that claim.

On the face of his report, Dr. Lareau states that "it may be more likely that Mr. Gay may not have been accurate in his description of events." Report at 4. And Defendants admit that the thrust of Dr. Lareau's testimony would be that "there were two versions of what happened during the interview" (presumably fact witnesses will bring that out at trial) and Dr. Lareau would "aid the jury in determining which of the two versions was more plausible." Opp. at 3. "Plausible" is a synonym for "credible," so Defendants actually do admit Dr. Lareau's "expert opinion" is directed at attacking Mr. Gay's credibility. *See plausible*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/plausible (last visited May 11, 2026) ("appearing worthy of belief"). Doubling down, Defendants assert that Dr. Lareau "did not state 'that Mr. Gay's recitation of what was said in the room was a lie.'" Opp. at 1. Yet Dr. Lareau opines that "it may be more likely Mr. Gay may not have been accurate in his description of events." Report at 4. This implies that even if Mr. Gay is not a "liar," he is not credible, or at least the jury should not believe his word over Defendants.

The suggestion that Plaintiff is inaccurate in his version of events "presents a danger of misleading the jury," and "must be excluded." *Est. of Castillas v. City of Fresno*, No. 1:16-CV-

---

[4] To the extent that Defendants argue Plaintiff's argument is a "red herring," Opp. at 1, Defendants do not explain how it is one. To the contrary, courts exclude prejudicial testimony like a suggestion that a party is not telling the truth as unhelpful. *Arjangrad*, 2012 WL 1890372, at *8.

7

1042 AWI-SAB, 2019 WL 586747, at *7 (E.D. Cal. Feb. 13, 2019). Defendants counter that Dr. Lareau's statement is valuable to a jury—an entirely different factor—because a layperson may not be aware of circumstances surrounding the interview that could aid the jury in determining which of the two versions of events was more plausible." Opp. at 3. Specifically, Dr. Lareau would testify that Dr. Goldstein's supervisor was present, so the jury should infer he would have been risking his career if he overtly discriminated against Plaintiff. Opp. at 3. *First*, that does not make Dr. Lareau's attack on Mr. Gay's credibility proper. *Second* Dr. Lareau's "expertise" has no bearing on this matter. Defendants could elicit through prescient fact witnesses that the supervisor was present. A layperson does not require an expert to know that an employee making discriminatory statements in front of a boss might face repercussions.

## III.    <u>CONCLUSION</u>

That Dr. Lareau might have experience in preparing and reviewing CRAs, does not qualify him to usurp the role of the jury and reach final conclusions of law or interpret documents easily subject to interpretation by a layperson. That experience does not render him qualified to opine on whether the CRA at issue reflects direct or indirect discrimination. His expertise cannot make up for a lack of methodology. And finally, he may not imply that Plaintiff is lying. For all these reasons, Mr. Gay's motion to exclude Dr. Lareau from testifying should be granted.

Date: May 13, 2026                                 Respectfully submitted,


By: */s/ Kevin Frankel*
　　KEVIN B. FRANKEL (CA 277840)
　　Benesch, Friedlander, Coplan & Aronoff LLP
　　100 Pine Street, Suite 3100
　　San Francisco, California 94111
　　Telephone: 628.600.2250
　　Facsimile: 628.221.5828
　　Email:    kfrankel@beneschlaw.com

　　*Attorneys for Omar S. Gay*

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANTS' EXPERT DR. CRAIG LAREAU

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, I electronically filed the foregoing document entitled **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT DR. CRAIG LAREAU** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

_/s/ Kevin Frankel_____
Kevin Frankel

CERTIFICATE OF SERVICE