Kevin B. Frankel (CA 277840)
Shaneeda Jaffer (CA 253449)
Elizabeth Snow (Admitted *Pro Hac Vice*)
Grace McElroy (CA 366719)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:   628.221.5828
kfrankel@beneschlaw.com

*Attorneys for Plaintiff Omar Sharrieff Gay*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SHARRIEFF GAY,<br><br>            Plaintiff,<br><br>        vs.<br><br>AMY PARSONS, et al.,<br><br>            Defendants. | CASE NO. 3:16-cv-05998-JCS<br><br>**SUPPLEMENTAL DECLARATION OF ELIZABETH SNOW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE DR. CRAIG LAREAU**<br><br>Hearing:      June 10, 2026<br>Time:         9:30 a.m.<br>Crtm.:        D – 15th Floor<br>Judge:        Hon. Joseph C. Spero<br><br>Complaint Filed: October 17, 2016 |

SUPPLEMENTAL DECLARATION OF ELIZABETH SNOW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE DR. CRAIG LAREAU

I, Elizabeth Snow, declare as follows:

1.    I am an attorney at the law firm of Benesch, Friedlander, Coplan & Aronoff LLP, and am admitted *Pro Hac Vice* to practice before this Court in the matter captioned above.

2.    I am one of the attorneys of record for Plaintiff Omar Sharrieff Gay ("Plaintiff") in this matter. I make this declaration based upon my personal knowledge.

3.    On August 7, 2024, Plaintiff's counsel took Dr. Lareau's deposition. Attached as **Exhibit A** is a true and correct copy of the transcript experts (pages 33-36) from that deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 10, 2026, in Chicago, Illinois.

By: */s/ Elizabeth Snow*
ELIZABETH SNOW

1

SUPPLEMENTAL DECLARATION OF ELIZABETH SNOW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE DR. CRAIG LAREAU

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OMAR SHARRIEFF GAY,            )
                              )
            Plaintiff,        )
                              )
vs.                           )   Case No. 3:16-CV-5998-CRB
                              )
AMY PARSONS, et al.,          )
                              )
            Defendants.       )

VIDEO DEPOSITION OF CRAIG LAREAU

TAKEN ON BEHALF OF THE PLAINTIFF

VIA TELECONFERENCE

ON AUGUST 7, 2024

12:25 PM - 4:20 PM (CDT)

Page 1

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

that are in Exhibit B are things that I was able to obtain myself.

Q. How about let's go to the Source of the Data. So, all the documents listed under Source of the Data on page 2 of Exhibit 10, are all these documents you're able to pull yourself from your own work systems?

A. No.

Q. And I assume, for example, the deposition transcripts, the civil complaints and discovery responses are documents that were provided to you by counsel, correct?

A. Yes, yes.

Q. Would it be fair to say that all other documents beyond the deposition transcripts, the like Mr. Gay's responses to Interrogatory Set 2, the complaint, the appellate court opinion, everything else you were able to pull up yourself?

A. I was able to pull up, yes, everything else, including the appellate court opinion.

Q. Okay, that's helpful. Did you go through any interview process before being retained as an expert in this case?

A. No.

Q. And what is the scope of your assignment of

Page 33

work in this case?

A. Well, it was essentially twofold. One was to review the work product of doctor Goldstein to see if there was any evidence of racial or religious discrimination in his actual work product. So that would include not only, you know, overt discrimination, you know, which is, I mean, would be extraordinarily unusual to say, you know, because Mr. Gay is an African/American he is at high risk for doing something. That would be overt racial discrimination.

But more subtle evidence of discrimination such that looking at this information would a reasonable psychologist come to a similar conclusion based on this information. And if there aren't any other explanations for why, say, doctor Goldstein would have rated somebody higher than a reasonable psychologist, that could be some circumstantial evidence of potential racial, ethnic or religious bias. So, I reviewed the report on that account.

But I also reviewed the information that was available to doctor Goldstein at the time he completed his report in 2015. And using that information performed my own assessment relevant to the -- assuming for the sake of argument that the factual

Page 34

information included in doctor Goldstein's report was accurate, and that's of course a major caveat. Assuming that the information included in the report was accurate would I have rated Mr. Gay similarly using the HCR 20 and that information.

So, that was the scope of what I did, was to look for evidence of racial and religious discrimination or bias, as well as would I have performed -- if performing the evaluation with similar information come to a similar conclusion.

Q.   And you said something in there that you assumed that everything written in the CRA by Goldstein in 2015 was accurate, correct?

A.   Yes.  I mean, the one thing that I'm -- although I'm a psychologist, I'm not a psychic, I don't have a time machine and I can't teleport.  So, I don't know what was actually said in the interview. And I'm quite familiar that there is a vast dispute regarding the content of the interview.

What I had before me was a comprehensive risk assessment, which included multiple quotes which ostensibly came from the interview of Mr. Gay.  And assuming for the sake of argument that that information was accurate, I used that as part of my foundation for coming to my conclusions.

Page 35

Q.   What is the basis of your understanding that there is a vast dispute between -- strike that.

What's the basis of your understanding that there was a vast dispute in the interview between doctor Goldstein and doctor Parsons and Mr. Gay?

A.   Well, when I initially was asked if I would perform an evaluation I was told that there was allegations of racial and religious discrimination by somebody regarding a report that occurred in 2015. So, I knew before I got involved that there were allegations.

And then of course I had the opportunity to read the complaint by Mr. Gay and there was all the information right there regarding the allegations that there was racial and religious discrimination.

And of course I also reviewed the interrogatories, including Interrogatory 15, which formed part of my foundation of my report regarding the individual claims of racial and ethnic and religious bias that were made in this lawsuit.

Q.   Going back to the scope of your assigned work in this case, who defined that scope?

A.   I did.  And the reason being I wanted to be as comprehensive as possible given the allegations made by plaintiff.  So how would I, if I was trying to see

Page 36

* * C E R T I F I C A T E * *


STATE OF OKLAHOMA)

COUNTY OF OKLAHOMA)


        I, John Q. Martin, II, a Certified Shorthand Reporter within and for the State of Oklahoma, do hereby certify that I reported all of the foregoing testimony, and that I later reduced it to typewritten form, as the same appears herein.

        I further certify that I am not a relative of, nor attorney for, nor clerk or stenographer for the attorneys, nor any party to this litigation, and that I am not otherwise interested in the event of the same.

        I further certify that the above and foregoing typewritten pages contain a full, true and correct transcript of my stenograph notes so taken during said deposition.

        WITNESS my hand and seal of office this 19th day of August 2024.


        _____

        JOHN Q. MARTIN, II, CSR

        Oklahoma CSR No. 1940

        Expiration Date:  December 31, 2024

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, I electronically filed the foregoing document entitled **SUPPLEMENTAL DECLARATION OF ELIZABETH SNOW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE DR. CRAIG LAREAU** with the Clerk of the Court for the United States District Court, Northern District of California using the CM/ECF system and served a copy of same upon all counsel of record via the Court's electronic filing system.

*/s/ Elizabeth Snow*
Elizabeth Snow

CERTIFICATE OF SERVICE